| | |
|---|---|
| Vonn R. Christenson (SBN 244873)<br>Email: vrc@christensonlaw.com<br>CHRISTENSON LAW FIRM, LLP<br>472 West Putnam Ave.<br>Porterville, CA 93257<br>Telephone: (559) 784-4934<br>Facsimile: (559) 784-3431<br><br>Attorneys for Defendant<br>YUKON INTERNATIONAL, INC., an Ohio corporation d/b/a YUKON FITNESS EQUIPMENT, INC. | Konrad Karl Gatien (SBN 221770)<br>Email: kgatien@stubbsalderton.com<br>STUBBS ALDERTON & MARKILES LLP<br>1453 3rd Street Promenade, Suite 300<br>Santa Monica, CA 90401<br>Telephone: (310) 746-9800<br>Facsimile: (310) 746-9820<br><br>Attorneys for Plaintiff<br>MAD DOGG ATHLETICS, INC. |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISON

JS-6

| | |
|---|---|
| MAD DOGG ATHLETICS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>YUKON FITNESS EQUIPMENT, INC., an Ohio corporation d/b/a Yukon Fitness and Yukon International, Inc.,<br><br>Defendant.<br>_____<br>YUKON INTERNATIONAL, INC., an Ohio corporation d/b/a Yukon Fitness Equipment, Inc.,<br><br>Counter-Claimant,<br>v.<br><br>MAD DOGG ATHLETICS, INC., a California corporation,<br><br>Counter-Defendant. | Case No. CV13-4942 FMO (RZx)<br><br>**FINAL JUDGMENT UPON CONSENT WITH RESPECT TO DEFENDANT YUKON INTERNATIONAL, INC. D/B/A YUKON FITNESS EQUIPMENT, INC.** |

Plaintiff MAD DOGG ATHLETICS, INC. ("Mad Dogg" or "Plaintiff"), having filed a Complaint in this action charging defendant YUKON INTERNATIONAL, INC. d/b/a YUKON FITNESS EQUIPMENT, INC. ("Yukon" or "Defendant") with federal trademark counterfeiting and infringement under 15 U.S.C § 1114; federal unfair competition and false designation of origin under 15 U.S.C. § 1125(a); federal trademark dilution under 15 U.S.C. § 1125(c); California state statutory unfair competition under Cal. Bus. & Prof. Code §§ 17200 et seq.; and constructive trust under Cal. Civ. Code § 2224; and Yukon having filed a Counterclaim against Mad Dogg for declaratory judgment of non-infringement under 28 U.S.C. §§ 2201 and 2202, and cancellation of the subject mark under 15 U.S.C. §§ 1064 and 1119; and the parties desiring to settle the controversy between them, it is hereby

**ORDERED, ADJUDGED and DECREED** as between the parties hereto that:

1. This Court has jurisdiction over this matter pursuant to 15 U.S.C §§ 1116(a) and 1121; 28 U.S.C. §§ 1331, 1332(a), 1338(a) and (b), 1367, and 2201 et seq. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b). The parties do not contest service of process or jurisdiction.

2. Mad Dogg represents that it was founded in 1994 and is a leader in the United States and worldwide of indoor cycling instruction and the sale of stationary exercise bicycles and goods and services related thereto offered under its SPIN Family of Trademarks, which are identified in Exhibit A attached hereto.

3. In particular, with respect to this action, Mad Dogg has created, developed, marketed and sold the SPIN® brand line of indoor cycles (hereinafter referred to as the "SPIN® brand indoor cycles"). Mad Dogg markets its SPIN® brand indoor cycles under its federally registered SPIN trademark (Reg. No. 2173202) (hereinafter referred to as the "SPIN® trademark").

4. Defendant expressly acknowledges and agrees that Mad Dogg is the exclusive owner of all right, title and interest in and to the SPIN® trademark, and that Mad Dogg has valid, protectable and enforceable rights in and to the SPIN®

trademark, which is in full force and effect, and has become incontestable pursuant to 15 U.S.C. § 1065.

5. Plaintiff alleges that Defendant has advertised, distributed, offered for sale and sold indoor cycles through the use of the SPIN® trademark, which Plaintiff alleges constitute counterfeits and infringements of said mark. Defendant denies Plaintiff's allegations.

6. By way of settlement, Defendant and its affiliates, agents, servants, employees, representatives, successors, assigns, and any person or entity acting under Defendant's direction or control, or in active concert or participation with Defendant, are hereby immediately and permanently enjoined throughout the world from:

    a. directly or indirectly infringing the SPIN® trademark in any manner, including generally, but not limited to, manufacturing, importing, distributing, advertising, offering for sale and/or selling any merchandise or engaging in any services by using any terms, trademarks or other designations of origin that reproduce, or utilize the likenesses of or which copy or are confusingly similar to the SPIN® trademark;

    b. engaging in any conduct that tends falsely to represent that, or which is likely to confuse, mislead, or deceive purchasers, Defendant's customers, and/or members of the public to believe that, the actions of Defendant, the products sold by Defendant or Defendant itself are connected with Mad Dogg, are sponsored, approved, or licensed by Mad Dogg, or are in some way connected or affiliated with Mad Dogg;

    c. affixing, applying, annexing or using in connection with the manufacture, importation, distribution, advertising, offer for sale and/or sale, or other use of any goods or services, any false description or representation, including words or other symbols, tending to falsely describe or represent such goods or services as being those of Mad Dogg;

        d.     diluting and infringing Mad Dogg's SPIN® trademark and thereby damaging Mad Dogg's goodwill and reputation;

        e.     otherwise infringing upon Mad Dogg's SPIN® trademark; and

        f.     effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (e) above.

7. Defendant shall not directly or indirectly challenge, oppose, interfere with or otherwise seek cancellation of the SPIN® trademark and/or any trademark that Mad Dogg owns either now or in the future in the United States or elsewhere that includes the term "spin" in any iteration.

8. Defendant shall not directly or indirectly obtain, register, own or control any domain name or website that infringes, uses or incorporates the SPIN® trademark, either alone or in combination with other words, letters, numbers or symbols, or purchase keywords or adwords that use or include the term "spin" in any iteration.

9. Defendant is expressly not prevented from using the word "spin" so long as it is not being used as a trademark or as a description for stationary exercise bicycles or physical fitness instruction.

10. This judgment disposes of all claims and counterclaims alleged in or arising out of this action and terminates this action, subject to the Court's continuing jurisdiction to enforce and oversee the requirements contained in this judgment.

11. This judgment shall be binding upon, and inure to the benefit of, the parties and their respective successors and assigns.

12. Each party shall bear its own costs and attorney's fees incurred in connection with this action.

13. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of the

settlement agreement entered into between the parties relating to this action, this judgment, the enforcement thereof and the punishment of any violations thereof.

14. This judgment shall be deemed to have been served upon Defendant at the time of its execution by the Court.

15. The Court expressly determines that there is no just reason for delay in entering this judgment.

**IT IS SO ORDERED.**

DATED:  March 7, 2014              _____/s/_____

                                   HON. FERNANDO M. OLGUIN
                                   UNITED STATES JUDGE

**IT IS SO STIPULATED:**

Dated: February ____, 2014         By: _____
                                        Konrad K. Gatien, Esq.
                                        STUBBS ALDERTON & MARKILES, LLP
                                        Attorneys for Plaintiff
                                        MAD DOGG ATHLETICS, INC.


Dated: February ____, 2014         By: _____
                                        Vonn R. Christenson
                                        CHRISTENSON LAW FIRM, LLP
                                        Attorneys for Defendant
                                        YUKON INTERNATIONAL, INC., an
                                        Ohio corporation d/b/a Yukon Fitness
                                        Equipment, Inc.

# EXHIBIT A

## SPIN FAMILY OF MARKS

### U.S. TRADEMARK REGISTRATIONS

| Trademark | Registration No(s) |
|---|---|
| CROSSSPINNER | 3769394 |
| ESPINNER | 3626609 |
| JOHNNY G. SPINNER | 1977743 |
| JOHNNY G'S SPINNING | 1808045 |
| SPIN | 2173202; 2721952 |
| SPIN BODY | 2475595 |
| SPIN FITNESS | 3962020; 3990272; 3521332; 3978382 |
| SPINFITNESS & Design | 3661476; 3974848; 3974847; 3994201 |
| SPIN PILATES | 3990273; 3990274; 3521333; 3528187 |
| SPIN YOGA | 3981791; 3986020 |
| SPIN YOUR ASS OFF | 2116614 |
| SPINCIRCUIT | 4140957 |
| SPINCROSS | 3769393 |
| SPINERVALS | 2336564 |
| SPINGYM | 3334266 |
| SPINNER | 1972363 |
| SPINNING | 1780650; 2003922; 2079624; 2341628; 2103574; 2424295; 3286726; 3298552; 4246140 |
| SPINNING NATION | 4221948; 4401416 |
| SPINTECH | 4051866 |

### U.S. TRADEMARK APPLICATIONS

| Trademark | Serial No(s) |
|---|---|
| SPIN | 85749060 |
| SPIN YOGA | 85435866 |
| SPINPOWER | 85876007; 85876017; 85876026 |
| SPINTECH | 85749077 |

### COMMON LAW TRADEMARKS

SPIN & SCULPT; SPIN & SLIM; SPIN & BURN; CARDIO SPIN